**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Hughes, | No. CV-13-08085-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Social Security Administration Commissioner, | |
| Defendant. | |

Plaintiff filed an application for disability insurance benefits on June 10, 2010, alleging disability beginning on November 12, 2009. The claim was denied on September 23, 2010, and upon reconsideration on December 17, 2010. Plaintiff was granted a hearing in which he appeared with counsel before Administrative Law Judge ("ALJ") Thomas Cheffins on April 27, 2012. The ALJ determined that Plaintiff was not disabled under the relevant portions of the Social Security Act. Tr. at 81. The Appeals Council denied review on March 4, 2013 (Tr. at 1), and Plaintiff filed this action seeking reversal of the denial and remand (Doc. 13). Defendant has filed a memorandum in opposition (Doc. 14), and Plaintiff has filed a reply (Doc. 15). Neither party has requested oral argument. For the reasons that follow, the decision will be vacated and the matter remanded for further administrative proceedings.

**I.     Standard of Review.**

Defendant's decision to deny benefits will be vacated "only if it is not supported

by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998). If there is sufficient evidence to support the Commissioner's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

For purposes of Social Security benefits determinations, a disability is

> the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

20 C.F.R. § 404.1505.

Determining whether a claimant is disabled involves a sequential five-step evaluation. The claimant must show that (1) he is not currently engaged in substantial gainful employment, (2) he has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) his residual functional capacity ("RFC") precludes him from performing his past work.[1] If at any step the Commissioner determines that a claimant is or is not disabled, the analysis ends; otherwise, it proceeds. If the claimant establishes his burden through step four, the Commissioner must find the claimant disabled unless he finds that the claimant can make an adjustment to other work. The Commissioner bears the burden at step five of showing that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).

---

[1] RFC is the most a claimant can do with the limitations caused by his impairments. *See Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989); 20 C.F.R. § 416.945(a); SSR 96-8p, 1996 WL 374184 (July 2, 1996).

## II. Analysis.

The ALJ found at step one that Plaintiff had not worked since November 12, 2009. Tr. at 75. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: obesity, chronic obstructive pulmonary disease, sleep apnea (CPAP), and diabetes mellitus. *Id*. The ALJ found at step three that none of the impairments or combination thereof met or medically equaled one of the listed impairments. *Id*. at 76. The ALJ found that Plaintiff had the RFC to perform sedentary work, with limited exceptions, including occasional ability to climb ramps or stairs, but never ladders, ropes, or scaffolds, ability to occasionally stoop, crouch, balance, kneel or crawl, but that he could never be exposed to irritants, chemicals, or unprotected heights, nor could he use moving machinery. *Id*. at 77. The ALJ found at step four that Plaintiff was therefore unable to perform any of his past relevant work as a ranch hand, landscaper, construction worker, or fabricator. *Id*. at 80. At step five, however, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. *Id*. The ALJ therefore concluded that Plaintiff was not disabled. *Id*. at 20.

Plaintiff argues that the ALJ's determination was based on legal error because (1) in the ALJ's hypothetical posed to the vocational expert, the ALJ failed to include the fact that Plaintiff relies on an oxygen tank, and (2) the ALJ failed to accord adequate weight to the opinion of Plaintiff's treating physician and inappropriately afforded more weight to the opinions of stage agency consultants. Doc. 13 at 4.

### A. Incomplete Hypothetical.

Plaintiff argues that he requires access to an oxygen tank upon even mild exertion, and that the ALJ failed to include this limitation in the hypothetical he posed to the vocational expert. Doc. 13 at 8. Because the vocational expert concluded that very few if any employers would be willing to accommodate the limitation of an oxygen tank, Plaintiff argues that the ALJ's failure to include this limitation in the hypothetical resulted in an inaccurate RFC determination. *Id*. Defendant argues that the record does not support Plaintiff's assertion that he needs full-time use of an oxygen tank, that even if

1   he did, the limitation did not continue for long enough to be included in the hypothetical,
2   and that any error in not including the limitation was harmless because sedentary work
3   does not involve substantial exertion and Plaintiff only needs oxygen during exertion.
4   Doc. 14 at 9-11.

5   Plaintiff's treatment notes, which he cites as evidence that he must use an oxygen
6   tank full-time, indicate that he was using oxygen for treating "nighttime hypoxemia" in
7   December 2009 and January 2010 (Tr. at 256, 262), and for treating "obstructive sleep
8   apnea" in May and August 2011 (Tr. at 301-02).  It was not until January 2012 that the
9   notes indicate that he was "using oxygen on exertion." Tr. at 299.  Defendant argues that
10  the notes are evidence that Plaintiff used oxygen only at night until January 2012, and
11  that even if he used oxygen for exertion from 2012 on, he did not do so for a sufficient
12  amount of time to constitute a disability.  Doc. 14 at 9-10.  Plaintiff testified at his
13  hearing that he used the oxygen during the day (Tr. at 26), and that he started on the
14  oxygen in 2010 (Tr. at 28), but the ALJ discounted Plaintiff's testimony as not credible.
15  Plaintiff does not dispute this finding.

16  Under well-established law, "[i]f the hypothetical [posed to the vocational expert]
17  does not reflect all the claimant's limitations . . . the expert's testimony has no
18  evidentiary value to support a finding that the claimant can perform jobs in the national
19  economy."  *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991) (citing *Embrey v.*
20  *Bowen*, 849 F.2d 418, 423 (9th Cir. 1988); *Gallant v. Heckler*, 753 F.2d 1450, 1457 (9th
21  Cir. 1984)).  Nevertheless, an ALJ does not err in not including a Plaintiff's limitation in
22  a hypothetical if the weight of other evidence refutes the existence of that limitation.
23  *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) (finding no error where ALJ did
24  not include a "staying in one position limitation" where ALJ found limitation not
25  significant and not credible).

26  Plaintiff does not cite clear evidence that he needed a full-time oxygen tank, as the
27  treatment notes primarily indicate the use of oxygen for nighttime disorders and upon
28  exertion.  The ALJ found Plaintiff's subjective complaints about the severity of his

breathing problems to be less than fully credible, and cited numerous legitimate reasons for doing so.  Tr. at 78-79 (including Plaintiff's failure to follow treatment recommendations, vague testimony, leaving his last job for non-medical reasons, and receipt of unemployment compensation, among others).

In short, the evidence does not establish that Plaintiff had a limitation that should have been included in the hypothetical posed to the vocational expert.

### B. Medical Opinions.

Plaintiff next argues that the ALJ erred when he gave no weight to treating physician Dr. El-Harakeh's opinion, in which the doctor opined that Plaintiff could not perform even sedentary work.  Doc. 13 at 11.

"The ALJ must consider all medical opinion evidence."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *see* 20 C.F.R. § 404.1527(c); SSR 96-5p, 1996 WL 374183, at *2 (July 2, 1996).  In weighing medical source opinions in Social Security cases, the Ninth Circuit distinguishes among three types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  Generally, more weight should be given to the opinion of a treating physician than to the opinions of non-treating physicians.  *Id.*

The ALJ may reject the *contradicted* opinion of a treating or examining physician by "setting forth specific and legitimate reasons for doing so that are based on substantial evidence in the record."  *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (citation and quotation omitted).  "The ALJ can 'meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Id.*  "The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record."  *Id.*  Where a treating physician's opinion is not contradicted by another physician, it may be rejected only for

1 "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Further, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Id.*

The ALJ stated that he gave no weight to Dr. El-Harakeh's opinion because it is not consistent with medical evidence in the record and is based on Plaintiff's subjective complaints. Tr. at 79. The ALJ's opinion, however, references Dr. El-Harakeh's opinion as "Ex. 9F," which is not, in fact, an opinion by Dr. El-Harakeh but rather an opinion by Dr. Brecheisen. Tr. at 79.[2] The ALJ then goes on to say that Dr. El-Harakeh's opinion is contradicted by his own medical findings, citing records showing that "claimant's breathing was improved on medication," he had no hemoptysis, he had only mild obstructive pulmonary disease, and he denied problems and was doing fairly well. *Id.* But the only evidence cited by the ALJ that is, in fact, a medical record by Dr. El-Harakeh is Ex. 5F. Tr. at 252-257. The ALJ states that this opinion shows that the "claimant's breathing was improved on medication and that he had 90% saturation," but the ALJ does not explain how this contradicts any other opinion by Dr. El-Harakeh. Tr. at 79. The other medical records cited by the ALJ are not medical records from Dr. El-Harakeh. *See* Tr. at 269-75, 294-95.

The ALJ also discounted Dr. El-Harakeh's opinion because it is "contradicted by the opinions of other examining experts, DDS, and treating physician Dr. Bradshaw." Tr. at 79. In support, the ALJ cites generally to two state agency consulting physician reports, (Tr. at 44-56, 58-69), without noting what, if any, portions of those opinions contradict Dr. El-Harakeh's opinion. He also cites generally to Dr. Bradshaw's treatment notes from June and November 2011 (Tr. at 294-98) without noting what portion, if any, contradicts Dr. El-Harakeh's opinion.

---

[2] The ALJ likely meant to refer to Dr. El-Harakeh's opinion report at Ex. 14F. Tr. 289-293. Because the ALJ never discusses any specific content of Dr. El-Harakeh's opinion, and treatment notes from Dr. El-Harakeh are scattered throughout the record, the Court cannot presume to know which opinion by Dr. El-Harakeh the ALJ rejected.

- 6 -

The ALJ has not set forth specific and legitimate reasons for rejecting Dr. El-Harakeh's opinion, *Barnhart*, 278 F.3d at 957, and in fact has not even noted which opinion he rejects. Because this was legal error, the ALJ's decision will be vacated.

**IV.      Remedy.**

The decision to remand for further development of the record or for an award of benefits is within the discretion of the Court. 42 U.S.C. § 405(g); *see Harman v. Apfel*, 211 F.3d 1172, 1173-74 (9th Cir. 2000). An action will be remanded for an award of benefits only where three conditions are met: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) no outstanding issue remains that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were the rejected evidence credited as true.

The ALJ has failed to provide legally sufficient reasons for rejecting the opinion of Dr. El-Harakeh. Where the Court finds that the ALJ failed to give legally-sufficient reasons for not crediting testimony, the evidence must be credited as true under Ninth Circuit law. *See Varney v. Secretary of Health and Human Services*, 859 F.2d 1396 (9th Cir. 1988) ("if grounds for [discrediting a claimant's testimony] exist, it is both reasonable and desirable to require the ALJ to articulate them in the original decision."); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) ("Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.' " (citing *Hammock v. Bowen,* 879 F.2d 498, 502 (9th Cir.1989); *Harman v. Apfel,* 211 F.3d 1172, 1178 (9th Cir.2000) (same); *Benecke v. Barnhart,* 379 F.3d 587 (9th Cir.2007); ("Because the ALJ failed to provide legally sufficient reasons for rejecting Benecke's testimony and her treating physicians' opinions, we credit the evidence as true.").

In this case, however, outstanding issues remain that must be resolved before a determination of disability can be made. Specifically, the ALJ failed to explain which opinion of Dr. El-Harakeh he rejected. The record includes many pages of treatment

notes by Dr. El-Harakeh between 2009 and 2012, Tr. at 252-65, 299-317, but the ALJ's only citation to Dr. El-Harakeh's opinion erroneously cites treatment notes from a different doctor. Tr. 294-98. Therefore, remand for development of the record consistent with this opinion is in order.

Plaintiff argues that, upon remand, this matter must be assigned to a different ALJ because Judge Cheffins revealed a serious prejudice against Plaintiff at the hearing. Doc. 13 at 16. Plaintiff cites no specific act or show of prejudice that would entitle him to an exception to the agency's policy of reassigning the case to the same ALJ.

**IT IS THEREFORE ORDERED** remanding this matter for further administrative action consistent with this decision. Plaintiff's request for a new ALJ is **denied**.

Dated this 6th day of May, 2014.

_____
David G. Campbell
United States District Judge